UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SUSAN E. DESCHAMBAULT, )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>UBS FINANCIAL SERVICES, INC., )<br>)<br>DEFENDANT ) | CIVIL NO. 2:14-CV-432-DBH |

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The defendant has moved for summary judgment. (ECF No. 26.) After hearing oral argument on December 3, 2015, I **DENY** the defendant's motion for summary judgment. It is a close case, but I conclude that there are genuine issues of material fact on (1 on account of age or solely based on her performance; (2) the date when the employer's alleged discriminatory termination decision attained the "degree of permanence" required to put the employee on "unambiguous and authoritative notice" to trigger the statute of limitations, see LePage v. Bath Iron Works Corp., 2006 ME 130, ¶¶ 11, 15, 909 A.2d 629 (quotation marks omitted); Kezer v. Central Me. Med. Ctr., 2012 ME 54, ¶ 17, 40 A.3d 955, given the continuance of the plaintiff's pay and "active employee" status until May 10, 2013; (3) whether the employer's statements were defamatory (I reject the argument that the plaintiff's deposition unambiguously admitted that the reasons given for her termination on the Form U-5 were accurate—the transcript can also be read as meaning that the plaintiff agreed

that the defendant's lawyer accurately read the form); and (4) whether the defendant made the statements in the Form U-5 knowing them to be false, recklessly disregarding their truth or falsity, or "act[ing] with spite or ill will," Rippett v. Bemis, 672 A.2d 82, 87 (Me. 1996), thereby abusing the conditional privilege protecting the defendant from liability for defamation, see id. ("Whether a conditional privilege arises in a given circumstance is question of law. . . . Whether a defendant so abused a conditional privilege is a question of fact.").

**SO ORDERED.**

DATED THIS 7TH DAY OF DECEMBER, 2015

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**